**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------X

PH HEALTH LIMITED,
Plaintiff,

-v-

RK PHARMA, INC.,
Defendant.

--------------------------------------------------------------------X

26-cv-4659-LGS

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

   a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes ______ / No __X____]

   b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
   [Yes ______ / No ___X___]

   c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
   [Yes ______ / No __X____]

   d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes ______ / No___X____]

4. Alternative Dispute Resolution/Settlement

a. Settlement discussions have not taken place.

b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

No agreement as to informal exchange of information.

c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

Private mediator.

d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

After the close of fact discovery.

e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined after October 10, 2026 without leave of Court.

6. Amended pleadings may be filed without leave of Court until October 10, 2026.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than August 25, 2026. *[14 days after Defendant's answer is due]*

8. Fact Discovery

a. All fact discovery shall be completed no later than December 23, 2026. *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by September 24, 2026.

c. Responsive documents shall be produced by October 24, 2026.
Do the parties anticipate e-discovery? [Yes __X____ / No ______]

d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by September 24, 2026.

e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by December 23, 2026.

f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by November 23, 2026.

g. **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

a. Anticipated types of experts if any:

None anticipated at this time. The parties reserve the right to revisit after the close of fact discovery.

b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ______________________. *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit if you have not identified types of experts.

c. If you have identified types of experts in question 9(a), by _________ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is __X____ / is not ______] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is five (5) days.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

The parties have stipulated that Defendant's time to answer or otherwise respond to the Complaint is extended to August 11, 2026, without prejudice to any defenses.

13. Status Letters and Conferences

a. By October 26, 2026 *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

b. By January 6, 2027 *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c. On January 6, 2027 at 11:00 A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. The conference will be in person at the United States Courthouse, Southern District of New York, 40 Foley Square, New York, NY, 10007 at Room 1106. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-Motion Conference.

SO ORDERED.

Dated: July 22, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

LORNA G. SCHOFIELD
United States District Judge

Counsel for the Parties:

Eric Roman
ArentFox Schiff LLP
1301 Ave. of the Americas
New York, NY 10019
(212) 457-3283
Eric.roman@afslaw.com

Paul Garrity
Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 653-8700
pgarrity@sheppard.com