UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PH HEALTH LIMITED,<br><br>Plaintiff,<br><br>-v-<br><br>RK PHARMA, INC.,<br><br>Defendant. | Case No. 1:26-cv-04659-LGS<br><br>**ANSWER AND COUNTERCLAIMS** |
| RK PHARMA, INC., APICORE PHARMACEUTICALS PVT. LTD.,<br><br>Counterclaim-Plaintiffs,<br><br>-v-<br><br>PH HEALTH LIMITED<br><br>Counterclaim-Defendant. | |

Defendant RK Pharma, Inc. ("RK Pharma" or "Defendant"), by and through its undersigned counsel, hereby answers the Complaint by Plaintiff PH Health Limited ("Par Health" or "Plaintiff") and alleges additional or affirmative defenses as follows:

## ANSWER

1. RK Pharma admits that the Complaint purports to assert claims for breach of contract and other relief. RK Pharma denies each remaining allegation set forth in Paragraph 1 of the Complaint, denies that RK Pharma breached the parties' Co-Development, License and Supply Agreement dated January 31, 2022 (the "Agreement"), and denies that RK Pharma owes Plaintiff damages.

2. The allegations in Paragraph 2 of the Complaint are comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that those allegations in Paragraph 2 may be deemed to contain any allegations of fact, RK Pharma denies each allegation set forth in Paragraph 2 of the Complaint.

3. The allegations in Paragraph 3 of the Complaint are comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that those allegations in Paragraph 3 may be deemed to contain any allegations of fact, RK Pharma denies each allegation set forth in Paragraph 3 of the Complaint.

4. With respect to the allegations in Paragraph 4 of the Complaint, RK Pharma admits that Plaintiff's Complaint purports to seek damages, declaratory relief, prejudgment interest, and costs. RK Pharma denies each remaining allegation set forth in Paragraph 4 of the Complaint.

5. RK Pharma denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint. To the extent a response is required, RK Pharma denies each and every allegation set forth therein.

6. RK Pharma admits the allegations in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 of the Complaint are comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent a response is required, RK Pharma admits this Court has subject matter jurisdiction and denies Plaintiff is entitled to the relief it seeks.

8. The allegations in Paragraph 8 of the Complaint are comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent a response is required, RK Pharma admits that venue is proper in this District and denies each remaining allegation set forth in Paragraph 8 of the Complaint.

9. The allegations in Paragraph 9 of the Complaint are comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent a response is required, RK Pharma admits that venue is proper in this District and denies each remaining allegation set forth in Paragraph 9 of the Complaint.

10. With respect to the allegations in Paragraph 10 of the Complaint, RK Pharma admits that RK Pharma and Apicore Pharmaceuticals Pvt. Ltd. ("Apicore") entered into the Agreement with EVL dated January 31, 2022 and that a copy of the Agreement is attached to the Complaint as Exhibit 1. RK Pharma denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the Complaint. To the extent a response is required, RK Pharma denies each and every remaining allegation set forth therein.

11. Paragraph 11 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 11 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

12. Paragraph 12 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 12 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

13. Paragraph 13 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 13 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

14. Paragraph 14 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 14 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

15. With respect to the allegations in Paragraph 15 of the Complaint, RK Pharma denies having knowledge or information sufficient to form a belief as to the truth of the allegation that EVL transferred the Agreement. To the extent a response is required, RK Pharma denies the allegation. The remainder of Paragraph 15 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that the Paragraph 15 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

16. RK Pharma denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint. To the extent a response is required, RK Pharma denies each and every allegation set forth therein.

17. RK Pharma denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint. To the extent a response is required, RK Pharma denies each and every allegation set forth therein.

18. RK Pharma denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint. To the extent a response is required, RK Pharma denies each and every allegation set forth therein.

19. Paragraph 19 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 19 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

20. Paragraph 20 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 20 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

21. Paragraph 21 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 21 may be

deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

22. Paragraph 22 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 22 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

23. With respect to the allegations in Paragraph 23, RK Pharma admits that Par Health submitted Purchase Order 4500054569 to RK Pharma. The remaining allegations of Paragraph 23 of the Complaint are comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that the remainder of Paragraph 23 may be deemed to contain any allegations of fact, RK Pharma denies those allegations.

24. Paragraph 24 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 24 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

25. Paragraph 25 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 25 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

26. With respect to the allegations in Paragraph 26 of the Complaint, RK Pharma admits that Apicore received a communication on February 28, 2025. The remainder of Paragraph 26 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that the remainder of Paragraph 26 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

27. With respect to the allegations in Paragraph 27 of the Complaint, RK Pharma admits that Apicore received a communication on March 10, 2025. RK Pharma denies each and every remaining allegation in Paragraph 27 of the Complaint.

28. RK Pharma denies the allegations set forth in Paragraph 28 of the Complaint.

29. RK Pharma denies the allegations set forth in Paragraph 29 of the Complaint.

30. With respect to the allegations in Paragraph 30 of the Complaint, RK Pharma admits that Apicore submitted a justification report on March 23, 2025. RK Pharma denies each and every remaining allegation in Paragraph 30 of the Complaint.

31. RK Pharma denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint. To the extent a response is required, RK Pharma denies each and every allegation set forth therein.

32. RK Pharma denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint. To the extent a response is required, RK Pharma denies each and every allegation set forth therein.

33. As to the allegations set forth in Paragraph 33 of the Complaint, RK Pharma admits only that Apicore sent a communication on May 9, 2025 to email addresses at the domain

@endo.com. To the extent Paragraph 33 of the Complaint purports to characterize, summarize, or quote from the May 9, 2025 communication, RK Pharma refers to the May 9, 2025 communication itself for the contents thereof, and otherwise denies the allegations in Paragraph 33 of the Complaint.

34. RK Pharma denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint. To the extent a response is required, RK Pharma denies each and every allegation set forth therein.

35. As to the allegations set forth in Paragraph 35 of the Complaint, RK Pharma admits that Apicore received a communication on November 4, 2025. To the extent Paragraph 35 of the Complaint purports to characterize, summarize, or quote from the November 4, 2025 communication, RK Pharma refers to the November 4, 2025 communication itself for the contents thereof, and otherwise denies the allegations in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 36 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

37. Paragraph 37 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 37 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof, except that RK Pharma admits that it received a

written communication from Par Health on November 21, 2025 (the "November 21 Letter") which is attached as Exhibit 2 to the Complaint.

38. Paragraph 38 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 38 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement and the November 21 Letter for the terms and contents thereof.

39. Paragraph 39 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 39 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

40. Paragraph 40 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 40 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

41. Paragraph 41 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 41 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

42. As to the allegations in Paragraph 42 of the Complaint, RK Pharma repeats its responses to the foregoing paragraphs of the Complaint as if fully set forth herein.

43. Paragraph 43 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 43 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, and refers to the Agreement for the terms and contents thereof.

44. Paragraph 44 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 44 may be deemed to contain any allegations of fact, RK Pharma denies those allegations and denies that it breached the Agreement.

45. Paragraph 45 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 45 may be deemed to contain any allegations of fact, RK Pharma denies those allegations and denies that it breached the Agreement.

46. Paragraph 46 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 46 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, denies that it breached the Agreement, and denies that Plaintiff is entitled to damages.

47. As to the allegations in Paragraph 47 of the Complaint, RK Pharma repeats its responses to the foregoing paragraphs of the Complaint as if fully set forth herein.

48. Paragraph 48 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 48 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, denies that it breached the Agreement, and denies that Plaintiff properly terminated the agreement.

49. Paragraph 49 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 49 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, denies that it breached the Agreement, and denies that Plaintiff properly terminated the agreement.

50. Paragraph 50 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 50 may be deemed to contain any allegations of fact, RK Pharma denies those allegations, denies that it breached the Agreement, and denies that Plaintiff properly terminated the agreement.

51. As to the allegations in Paragraph 51 of the Complaint, RK Pharma repeats its responses to the foregoing paragraphs of the Complaint as if fully set forth herein.

52. Paragraph 52 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 52 may be

deemed to contain any allegations of fact, RK Pharma denies those allegations and denies that it has been unjustly enriched.

53. Paragraph 53 of the Complaint is comprised, in whole or in part, of conclusions of law or characterizations of Plaintiff's legal contentions or the relief it seeks, rather than allegations of fact to which a response is required. To the extent that Paragraph 53 may be deemed to contain any allegations of fact, RK Pharma denies those allegations and denies that Plaintiff is entitled to restitution.

## AFFIRMATIVE DEFENSES

RK Pharma sets forth below its affirmative defenses to the Complaint. By setting forth these affirmative defenses, RK Pharma does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, RK Pharma reserves its right to amend its Answer or seek to amend its Answer to add or modify affirmative defenses as the litigation progresses.

As separate and distinct affirmative defenses, RK Pharma alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, for failure to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's unjust enrichment claim is barred because an express contract governs the subject matter.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff lacks standing and/or is not the real party in interest, and/or has not established a valid assignment of the claims asserted.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff failed to satisfy contractual conditions precedent to rejection, reimbursement, and/or termination (including notice, timing, documentation, disposition, and independent-lab procedures, as applicable under the Agreement).

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, under the doctrines of estoppel, waiver, ratification, and/or unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, under doctrines of setoff.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because Plaintiff would be unjustly enriched by the relief sought in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because Plaintiff failed to mitigate alleged damages.

## COUNTERCLAIMS

Counterclaim-Plaintiffs RK Pharma, Inc. ("RK Pharma") and Apicore Pharmaceuticals Pvt. Ltd. ("Apicore," and collectively with RK Pharma, the "RK Parties") assert the following counterclaims against Plaintiff and Counterclaim-Defendant PH Health Limited ("Par Health"), incorporating by reference the allegations and denials set forth in RK Pharma's Answer to the Complaint.

### PARTIES

1. Counterclaim-Plaintiff RK Pharma, Inc. is a Delaware corporation having offices at Building 215/215A, 401 North Middletown Road, Pearl River, New York 10965, USA.

2. Counterclaim-Plaintiff Apicore Pharmaceuticals Pvt. Ltd. is an Indian company with principal offices at Block no. 252-253, Opp. Jain Irrigation Co., Padra-Jambusar Highway, Tal. Padra, Village Dhobikuva – 391440, Dist. Vadodara, Gujarat, India.

3. Upon information and belief, Par Health is a private limited liability company organized under the laws of Ireland with its principal place of business at First Floor, Minerva House, Simmonscourt Road, Ballsbridge, Dublin 4 D04 H9P8, Ireland.

### JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between the parties.

5. This Court has jurisdiction over these counterclaims because this Agreement shall be governed by and construed in accordance with the laws of the State of New York, and the parties irrevocably agreed that the State and Federal Courts located in the State, City and County

of New York shall have exclusive jurisdiction to deal with any disputes arising out of or in connection with the Agreement.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and the express terms of the Agreement. Par Health itself filed this action in this Court, submitting to the jurisdiction and venue specified in the Agreement.

## FACTUAL BACKGROUND

### A. The Parties Enter Into the Agreement

7. The RK Parties and Endo Ventures Limited ("EVL") entered into a Co-Development, License and Supply Agreement dated January 31, 2022 (the "Agreement") to develop and supply the active pharmaceutical ingredient ("API") Ferric Citrate.

8. The Agreement established a Steering Committee consisting of representatives of the RK Parties and EVL to coordinate and facilitate the communication and decision making regarding the development and regulatory strategies of the API.

9. Under the Agreement, the RK Parties were responsible for developing the API, carrying out stability studies, and manufacturing the API in accordance with the Specifications. The RK Parties were to use Commercially Reasonable Efforts to perform their responsibilities as and within the time frames set forth by the Steering Committee.

10. The "Specifications" means, collectively, the manufacturing and standard testing procedures for the API, including all applicable control procedures and analytical test methods contained in Schedule I of the Agreement.

11. Under the Agreement, the Specifications could only be amended, supplemented or otherwise modified by mutual agreement of the RK Parties and EVL or as otherwise set forth in the Agreement.

12. Par Health purports to be the successor-in-interest to EVL's rights and obligations under the Agreement.

**B. The RK Parties Perform Their Obligations Under the Agreement**

13. Par Health submitted Purchase Order 4500054569 to RK Pharma for the supply of Ferric Citrate API.

14. The RK Parties manufactured and supplied 750kg of Ferric Citrate API in 2022 in accordance with the agreed-upon Specifications.

15. However, during this process, Par Health faced some challenges in their development of the API.

16. In December 2022, as a result of Par Health's development challenges, Par Health asked the RK Parties to supply material to different quality Specifications.

17. The RK Parties agreed to meet the new quality Specifications and proposed timelines to manufacture a new 750 kg campaign. However, Par Health asked the RK Parties to hold the 750 kg campaign while Par Health conducted small-scale internal evaluation using initial supplies of 2.5 kg and 50 kg of material.

18. It took the entirety of 2023—nearly twelve months—for Par Health to complete its internal development work and confirm the new Specifications. Only in late 2023 did Par Health authorize the RK Parties to manufacture a 250 kg batch for Par Health's scale-up activities.

19. The RK Parties manufactured and supplied the 250 kg Ferric Citrate in accordance with the new Specifications in December 2023, performing their obligations.

20. In May 2024 Par Health asked the RK Parties to manufacture 750 kg of API for its registration batches, with a two-to-three month delay in submitting the purchase order and

Advance Payment. Notwithstanding Par Health's delay, the RK Parties manufactured 750 kg of Ferric Citrate API—constituting three validation batches of approximately 250 kg each—and delivered all three batches by December 2024, within the committed lead time.

**C. Par Health Raises Pretextual Quality Objections to the Compliant API**

21. In or around February 2025, Par Health indicated that one of the three validation batches ("Batch Three") exhibited an unspecified impurity at allegedly out-of-specification ("OOS") levels and demanded that the RK Parties remanufacture all three batches.

22. The RK Parties promptly and thoroughly investigated Par Health's concern. Based upon validated analytical methods, the RK Parties determined that Batch Three contained methyl citrate at a level of exactly 0.05%—precisely at the specification limit of Not More Than (NMT) 0.05% as set forth in Schedule I of the Agreement.

23. The RK Parties proposed re-manufacturing Batch Three, in accordance with regulations and the Corrective and Preventive Action ("CAPA") plan. Par Health, however, insisted the RK Parties re-manufacture all three batches.

24. While the parties were debating the remanufacture, in September 2025, Par Health raised new purported impurity issues in a second batch ("Batch Two"), which the RK Parties investigated and found to be leachable impurities coming from packing material at less than the quantifiable limit, *i.e.* an acceptable impurity by all regulatory authorities.

25. On information and belief, in or around September 2025, Par Health was acquired by Mallinckrodt. Following this acquisition, Par Health began demanding return of the Advance Payment, which had been used to pay for raw materials and to support the manufacture of the 750 kg API campaign.

26. On November 4, 2025, Par Health's representative sent a written communication to Apicore stating that "the validation POs are significantly overdue and the market assumptions are changing" and that "[w]e anticipate competition by the time we launch now, which is bringing the commercial viability of the program into question."

27. Also in November 2025, Par Health asked the RK Parties about lead times for remanufacturing a single batch and whether they could be shortened. At Par Health's specific request, the RK Parties reduced the lead time from 4.5 months to three months. The RK Parties also suggested that Par Health proceed with its scale-up and exhibit batches using the two fully compliant and available batches while the RK Parties worked in parallel to manufacture the single replacement batch.

28. Par Health did not respond to the RK Parties' proposals, and instead, in December 2025, Par Health sent the RK Parties a purported notice of termination of the Agreement.

**FIRST COUNTERCLAIM**

**(Breach of Contract)**

29. The RK Parties repeat and reallege the prior paragraphs of the Counterclaims as if fully set forth herein.

30. The Agreement is a valid and enforceable contract.

31. The Agreement, by its terms, is governed by New York law.

32. The RK Parties fully performed their obligations under the Agreement.

33. Par Health breached its obligations under the Agreement in the following ways:

a. Improper rejection of conforming API: Par Health purported to reject the API delivered pursuant to Purchase Order 4500054569 as defective under Section 5.5.1, even though the API conformed to the Specifications and to the warranties set forth in the Agreement.

b. Obstruction of the RK Parties' cure right: Par Health obstructed the RK Parties' contractual right to cure by refusing to accept the RK Parties'

offer to provide a single replacement batch within a four-month timeline, as permitted and contemplated by Section 5.5.4 of the Agreement.

c. Improper termination under Section 13.2.6: Par Health's purported termination under Section 13.2.6, which permits a party to terminate on 90 days' written notice if it determines, in its sole discretion, that the Product is not commercially viable, was improper, pretextual and in bad faith.

d. Improper termination under Section 5.6.1(iii): Par Health's reliance on Section 5.6.1(iii)—which permits termination where API is properly rejected and not replaced within 90 days—is also untimely and improper, because the failure to provide the replacement batch within 90 days was caused exclusively by Par Health's own refusal to accept the RK Parties' contractually permitted cure.

34. As a direct and proximate result of Par Health's breaches of the Agreement, the RK Parties have suffered direct and indirect damages, including but not limited to the cost of manufacturing the batches of Ferric Citrate API, the cost of other technical work performed during the term of the Agreement, and lost revenue stemming from the Agreement.

35. Accordingly, as a result of Par Health's breach, the RK Parties seek an award of direct and indirect damages in an amount to be determined at trial, but not less than $4,000,000.

## SECOND COUNTERCLAIM

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

36. The RK Parties repeat and reallege the prior paragraphs of the Counterclaims as if fully set forth herein.

37. Under New York law, there is implied in every contract a covenant of good faith and fair dealing, which requires that neither party do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. This covenant requires that a party, even when invested with "discretion" under the contract, not act arbitrarily, capriciously, irrationally, or in bad faith in the exercise of that discretion.

38. Section 13.2.6 of the Agreement vests in Par Health discretion to determine whether the Product is "commercially viable." This discretionary power is subject to the implied covenant of good faith and fair dealing and cannot be exercised capriciously, arbitrarily, or as a pretext.

39. Upon information and belief, Par Health willfully, arbitrarily, and in bad faith exercised its purported termination rights under Section 13.2.6 or Section 5.6.1—and separately obstructed the RK Parties' cure rights—not because of any genuine quality concern, but because Par Health's own developmental delays and the Mallinckrodt acquisition both fundamentally changed Par Health's commercial strategy with respect to Ferric Citrate.

40. Par Health's bad faith conduct also included: raising scientifically unsupported impurity objections; demanding three fresh validation batches under an obsolete regulatory standard; raising new leachable impurity claims well below applicable regulatory limits to justify its predetermined decision to exit the Agreement; and refusing to engage with the RK Parties' good-faith proposals to proceed with the two fully compliant batches.

41. As a direct and proximate result of Par Health's breach of the implied covenant of good faith and fair dealing, the RK Parties have suffered direct and indirect damages.

42. The Agreement does not limit the availability of consequential, incidental, or indirect damages where the breaching party has engaged in willful misconduct, and Par Health's conduct constitutes willful misconduct. The RK Parties seek an award of direct and indirect damages in an amount to be determined at trial, but not less than $4,000,000.

**THIRD COUNTERCLAIM**

**(Declaratory Judgment)**

43. The RK Parties repeat and reallege the prior paragraphs of the Counterclaims as if fully set forth herein.

44. Par Health has materially breached its obligations under the Agreement by improperly rejecting the conforming API, refusing to accept the RK Parties' contractually permitted cure, and improperly terminating the Agreement in bad faith under Section 13.2.6 and/or Section 5.6.1(iii).

45. As a result of Par Health's prior material breaches of the Agreement, the RK Parties were excused from any further performance under the Agreement.

46. Par Health disputes the foregoing, and maintains that RK Pharma is obligated to return the Advance Payment of $461,442.58.

47. Accordingly, a live controversy exists between the Parties, which is amenable to resolution by declaratory relief from this Court.

48. Pursuant to 28 U.S.C. § 2201, the RK Parties seek a declaratory judgment:

a. That Par Health's purported rejection of the Ferric Citrate API was improper and invalid under Section 5.5.1 of the Agreement;

b. That Par Health's refusal to accept the RK Parties' contractually permitted offer to cure by delivering a single replacement batch for Batch Three constituted a breach of the Agreement and/or a frustration of the RK Parties' contractual performance;

c. That Par Health's purported termination of the Agreement, whether under Section 13.2.6, Section 5.6.1(iii), or any other provision, was invalid, improper, and in breach of the Agreement and the implied covenant of good faith and fair dealing; and

d. That as a result of Par Health's prior material breaches, the RK Parties are excused from any further performance under the Agreement, including that the RK Parties are not obligated to refund the Advance Payment of

$461,442.58 or any other amounts paid by Par Health under the Agreement.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Plaintiffs RK Pharma, Inc. and Apicore Pharmaceuticals Pvt. Ltd. respectfully request that the Court enter judgment in their favor and against PH Health Limited as follows:

a. Dismissing Par Health's Complaint with prejudice;

b. Enter judgment in favor of the Counterclaim-Plaintiffs on their Counterclaims;

c. Award Counterclaim-Plaintiffs damages in an amount to be proven, but not less than $4,000,000, plus prejudgment interest as permitted by law;

d. Award costs and disbursements; and

e. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

The RK Parties demand a trial by jury on all issues so triable.

Dated: New York, New York
August 11, 2026

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: /s/ *Paul Garrity*

Paul Garrity
Madeline Townsley
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
mtownsley@sheppard.com

*Attorneys for Defendant and Counterclaim-Plaintiffs*