**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PH HEALTH LIMITED,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>-against-<br><br>RK PHARMA, INC.,<br><br>Defendant/Counterclaim-Plaintiff. | Case No. 1:26-cv-04659-LGS |
| RK PHARMA, INC. AND APICORE PHARMACEUTICALS PVT. LTD,<br><br>Counterclaim-Plaintiffs,<br><br>-against-<br><br>PH HEALTH LIMITED,<br><br>Plaintiff/Counterclaim-Defendant | |

**COUNTERCLAIM-DEFENDANT PH HEALTH LIMITED'S ANSWER TO COUNTERCLAIMS, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Counterclaim-Defendant PH Health Limited ("Par Health" or "Counterclaim-Defendant"), by and through its undersigned counsel, hereby answers the Counterclaims asserted by Counterclaim-Plaintiffs RK Pharma, Inc. ("RK Pharma") and Apicore Pharmaceuticals Pvt. Ltd. ("Apicore," and together with RK Pharma, the "RK Parties"). Par Health denies all liability on the Counterclaims and responds to each paragraph as follows:

**PARTIES**

1. Par Health admits the allegations in Paragraph 1 of the Counterclaims.

2. Par Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Counterclaims and, on that basis, denies those allegations.

3. Par Health admits that it is a private limited liability company organized under the laws of Ireland with its principal place of business in Dublin, Ireland. Par Health denies any remaining allegations in Paragraph 3 of the Counterclaims.

## JURISDICTION AND VENUE

4. Par Health admits that this Court has subject-matter jurisdiction and that complete diversity of citizenship exists between the parties. Par Health denies that the RK Parties are entitled to the relief they seek and denies each remaining allegation in Paragraph 4 of the Counterclaims.

5. Par Health admits that the Agreement contains a New York forum selection clause and that this Court has jurisdiction over the Counterclaims. Par Health refers to the Agreement for the precise terms thereof. Par Health denies each remaining allegation in Paragraph 5 of the Counterclaims.

6. Par Health admits that venue is proper in this District pursuant to 28 U.S.C. § 1391 and the express terms of the Agreement. Par Health denies each remaining allegation in Paragraph 6 of the Counterclaims.

## FACTUAL BACKGROUND

### A. The Parties Enter Into the Agreement

7. Par Health admits that the RK Parties and Endo Ventures Limited ("EVL") entered into a Co-Development, License and Supply Agreement dated January 31, 2022 (the "Agreement") to develop and supply the active pharmaceutical ingredient ("API") Ferric Citrate.

Par Health refers to the Agreement for the precise terms and contents thereof. Par Health denies each remaining allegation in Paragraph 7 of the Counterclaims.

8. Par Health admits that the Agreement established a Steering Committee consisting of representatives of the RK Parties and EVL. Par Health refers to the Agreement for the precise terms governing the Steering Committee. Par Health denies each remaining allegation in Paragraph 8 of the Counterclaims.

9. Par Health admits that under the Agreement, the RK Parties were responsible for developing the API, carrying out stability studies, and manufacturing the API in accordance with the Specifications. Par Health refers to the Agreement for the precise terms governing the RK Parties' obligations. Par Health denies each remaining allegation in Paragraph 9 of the Counterclaims.

10. Par Health admits that "Specifications" is a defined term in the Agreement. Par Health refers to the Agreement for the precise definition thereof. Par Health denies each remaining allegation in Paragraph 10 of the Counterclaims.

11. Par Health admits that the Agreement sets forth conditions under which the Specifications could be amended. Par Health refers to the Agreement for the precise terms governing amendment of the Specifications. Par Health denies each remaining allegation in Paragraph 11 of the Counterclaims.

12. Par Health denies that it merely "purports" to be the successor-in-interest to EVL's rights and obligations under the Agreement. Par Health *is* the valid successor-in-interest to EVL under the Agreement. Par Health denies each remaining allegation in Paragraph 12 of the Counterclaims.

**B. The RK Parties Perform Their Obligations Under the Agreement**

13. Par Health admits that it submitted Purchase Order 4500054569 to RK Pharma for the supply of Ferric Citrate API. Par Health denies each remaining allegation in Paragraph 13 of the Counterclaims.

14. Par Health denies the allegations in Paragraph 14 of the Counterclaims.

15. Par Health denies the allegations in Paragraph 15 of the Counterclaims.

16. Par Health denies the allegations in Paragraph 16 of the Counterclaims.

17. Par Health denies the allegations in Paragraph 17 of the Counterclaims.

18. Par Health denies the allegations in Paragraph 18 of the Counterclaims.

19. Par Health denies the allegations in Paragraph 19 of the Counterclaims.

20. Par Health denies the allegations in Paragraph 20 of the Counterclaims.

**C. Par Health Raises Pretextual Quality Objections to the Compliant API**

21. Par Health denies the allegations in Paragraph 21 of the Counterclaims.

22. Par Health denies the allegations in Paragraph 22 of the Counterclaims.

23. Par Health denies the allegations in Paragraph 23 of the Counterclaims. Par Health refers to the Agreement for the terms and contents thereof.

24. Par Health denies the allegations in Paragraph 24 of the Counterclaims.

25. Par Health denies the allegations in Paragraph 25 of the Counterclaims.

26. With respect to the allegations in Paragraph 26, Par Health admits that its representative sent a written communication on November 4, 2025. Par Health refers to the communication itself for the contents thereof and otherwise denies the remaining allegations in Paragraph 26 of the Counterclaims.

27. Par Health denies the allegations in Paragraph 27 of the Counterclaims.

28. With respect to the allegations in Paragraph 28, Par Health admits that it sent a written notice of termination of the Agreement. Par Health refers to the notice itself for the contents thereof and otherwise denies the remaining allegations in Paragraph 28 of the Counterclaims.

**FIRST COUNTERCLAIM**
**(Breach of Contract)**

29. Par Health repeats and incorporates by reference its responses to Paragraphs 1 through 28 as if fully set forth herein.

30. Par Health admits that the Agreement is a valid and enforceable contract. Par Health denies each remaining allegation in Paragraph 30 of the Counterclaims.

31. Par Health admits that the Agreement, by its terms, is governed by New York law. Par Health denies each remaining allegation in Paragraph 31 of the Counterclaims.

32. Par Health denies the allegations in Paragraph 32 of the Counterclaims.

33. Par Health denies the allegations in Paragraph 33 of the Counterclaims, including each sub-paragraph thereof. Par Health refers to the Agreement for the terms and contents thereof.

34. Par Health denies the allegations in Paragraph 34 of the Counterclaims.

35. Par Health denies the allegations in Paragraph 35 of the Counterclaims.

**SECOND COUNTERCLAIM**
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

36. Par Health repeats and incorporates by reference its responses to Paragraphs 1 through 35 as if fully set forth herein.

37. Paragraph 37 of the Counterclaims is comprised, in whole or in part, of conclusions of law to which no response is required. To the extent a response is required, Par Health denies that it violated any implied covenant of good faith and fair dealing.

38. Par Health admits that Section 13.2.6 of the Agreement vests in Par Health the discretion to determine whether the Product is "commercially viable." Par Health denies the remaining allegations in Paragraph 38 of the Counterclaims.

39. Par Health denies the allegations in Paragraph 39 of the Counterclaims.

40. Par Health denies the allegations in Paragraph 40 of the Counterclaims.

41. Par Health denies the allegations in Paragraph 41 of the Counterclaims.

42. Par Health denies the allegations in Paragraph 42 of the Counterclaims. Par Health refers to the Agreement for the terms and contents thereof.

**THIRD COUNTERCLAIM**
**(Declaratory Judgment)**

43. Par Health repeats and incorporates by reference its responses to Paragraphs 1 through 42 as if fully set forth herein.

44. Par Health denies the allegations in Paragraph 44 of the Counterclaims.

45. Par Health denies the allegations in Paragraph 45 of the Counterclaims.

46. Par Health admits that the parties dispute the issues described in Paragraph 46 and denies that the RK Parties are entitled to retain the Advance Payment of $461,442.58. Par Health refers to the Agreement for the terms and contents thereof. Par Health denies each remaining allegation in Paragraph 46 of the Counterclaims.

47. The allegations in Paragraph 47 of the Counterclaims are comprised, in whole or in part, of conclusions of law to which no response is required. To the extent a response is required, Par Health denies that declaratory relief should be entered in favor of the RK Parties and denies each remaining allegation in Paragraph 47 of the Counterclaims.

48. Par Health denies the allegations in Paragraph 48 of the Counterclaims, including each sub-paragraph thereof. Par Health refers to the Agreement for the terms and contents thereof.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any issue upon which it would not otherwise be imposed, and without waiving any argument that the Counterclaims fail to state a claim upon which relief can be granted, Par Health asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred, in whole or in part, by the terms of the Agreement, which Par Health fully performed or was excused from performing.

### THIRD AFFIRMATIVE DEFENSE

The Second Counterclaim for breach of the implied covenant of good faith and fair dealing is duplicative of the First Counterclaim for breach of contract and fails as a matter of law under New York law.

### FOURTH AFFIRMATIVE DEFENSE

The RK Parties' damages, if any, were caused by their own breach of the Agreement in delivering API that did not conform to the Specifications.

### FIFTH AFFIRMATIVE DEFENSE

The RK Parties failed to mitigate their damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

The Counterclaims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands based on the RK Parties' own admissions that the API was out of specification.

**SEVENTH AFFIRMATIVE DEFENSE**

The RK Parties' damages, if any, are limited by the express terms and conditions of the Agreement.

**EIGHTH AFFIRMATIVE DEFENSE**

The Counterclaims are barred, in whole or in part, because the RK Parties failed to satisfy conditions precedent under the Agreement, including the dispute resolution procedures set forth in Section 5.5.2 of the Agreement.

**NINTH AFFIRMATIVE DEFENSE**

The Counterclaims are barred, in whole or in part, under the doctrine of setoff. Any damages awarded to the RK Parties, if any, are subject to setoff by amounts owed by the RK Parties to Par Health under the Agreement.

**TENTH AFFIRMATIVE DEFENSE**

The Counterclaims are barred, in whole or in part, because Par Health's actions were taken in the exercise of express contractual rights granted by the Agreement, including the right to reject nonconforming API under Section 5.5.1 and the right to terminate under Section 13.2.6, and the exercise of such express contractual rights cannot constitute a breach of contract or a breach of the implied covenant of good faith and fair dealing.

## COUNTERCLAIMS OF PH HEALTH LIMITED

Counterclaim-Defendant PH Health Limited ("Par Health"), by and through its undersigned counsel, asserts the following counterclaims against Counterclaim-Plaintiff Apicore Pharmaceuticals Pvt. Ltd. ("Apicore"), whose obligations under the Agreement are joint and several with those of RK Pharma pursuant to Section 15.16 of the Agreement. Par Health incorporates by reference the allegations set forth in its Complaint and the allegations and denials set forth in its Answer to Counterclaims and Affirmative Defenses.

## FACTUAL ALLEGATIONS

1. On January 31, 2022, Endo Ventures Limited ("EVL") entered into a Co-Development, License and Supply Agreement (the "Agreement") with the RK Parties for the development and supply of the active pharmaceutical ingredient ("API") Ferric Citrate.

2. Par Health is the valid successor-in-interest to EVL's rights and obligations under the Agreement.

3. The obligations of each of the RK Parties under the Agreement are joint and several. Agreement, Section 15.16.

4. Under the Agreement, the RK Parties were responsible for manufacturing the API in accordance with the Specifications and delivering conforming API to Par Health pursuant to firm purchase orders.

5. The RK Parties represented, warranted, and covenanted under Section 7.1.1 of the Agreement that all API manufactured and delivered to Par Health would conform to the Specifications through the remaining shelf life of the API.

6. Par Health submitted Purchase Order 4500054569 to RK Pharma for the supply of Ferric Citrate API, and paid the sum of US$461,442.58 as consideration therefor.

7. The API delivered by the RK Parties under Purchase Order 4500054569 was defective and failed to conform to the Specifications and/or breached one or more warranties set forth in the Agreement.

8. In accordance with Section 5.5.1 of the Agreement, Par Health rejected the defective API and communicated its rejection to the RK Parties in writing.

9. The RK Parties did not dispute Par Health's rejection of the defective API. To the contrary, the RK Parties' own communications confirmed that the third validation batch exceeded the specification limit for an unspecified impurity, that reprocessing was not possible, and that a corrective and preventive action was required.

10. Under Section 5.5.4 of the Agreement, the RK Parties were required, at Par Health's election, within ninety (90) days from the rejection date, to either provide replacement API or credit or reimburse the amount of the original invoice in respect of the rejected API.

11. To date, the RK Parties have not provided conforming replacement API and have not reimbursed Par Health the sum of US$461,442.58.

12. On November 21, 2025, Par Health provided written notice of termination of the Agreement pursuant to Section 13.2.6. In the alternative, Par Health was entitled to terminate under Section 5.6.1(iii) of the Agreement.

## FIRST COUNTERCLAIM
## (Breach of Contract Against Apicore)

13. Par Health repeats and realleges the allegations in Paragraphs 1 through 12 as if fully set forth herein.

14. The Agreement is a valid and enforceable contract governed by New York law. Par Health fully performed or was excused from performing its obligations under the Agreement.

15. The RK Parties breached the Agreement by (a) delivering API that did not conform to the Specifications and/or failed to conform with one or more warranties set forth in the Agreement, and (b) failing to reimburse or credit Par Health in the amount of US$461,442.58 for the rejected API within ninety (90) days from the rejection date, as required by Section 5.5.4 of the Agreement.

16. As a direct and proximate result of the RK Parties' breaches, Par Health has suffered damages in an amount to be proven at trial, including at least US$461,442.58, plus prejudgment interest under New York law.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment Against Apicore)**

17. Par Health repeats and realleges the allegations in Paragraphs 1 through 16 as if fully set forth herein.

18. An actual, present controversy exists between the parties as to their rights and obligations under the Agreement. Par Health seeks a judicial declaration that:

a. Par Health properly rejected the API delivered under Purchase Order 4500054569 pursuant to Section 5.5.1 of the Agreement;

b. The RK Parties are obligated to reimburse Par Health in the amount of US$461,442.58 pursuant to Section 5.5.4 of the Agreement; and

c. Par Health properly terminated the Agreement pursuant to Section 13.2.6 and, in the alternative, Section 5.6.1(iii) of the Agreement.

**THIRD COUNTERCLAIM**
**(Unjust Enrichment, In the Alternative, Against Apicore)**

19. Par Health repeats and realleges the allegations in Paragraphs 1 through 18 as if fully set forth herein.

20. If, for any reason, the Agreement is deemed unenforceable in whole or in part or does not govern the reimbursement obligation, then the RK Parties have been unjustly enriched at Par Health's expense by retaining US$461,442.58 in payment for defective API that, in equity and good conscience, should be returned to Par Health.

21. Par Health is entitled to restitution of US$461,442.58, plus prejudgment interest.

**RESERVATION OF RIGHTS**

Par Health reserves the right to amend its amend its Answer, affirmative defenses, and/or counterclaims as discovery progresses and additional facts become known.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Defendant PH Health Limited respectfully requests that the Court:

(a) Dismiss the Counterclaims asserted by the RK Parties in their entirety with prejudice;

(b) On Par Health's First Counterclaim, award Par Health damages against Apicore in an amount to be proven at trial, including at least US$461,442.58, plus prejudgment interest under New York law from the date the reimbursement became due, and costs as permitted by law;

(c) On Par Health's Second Counterclaim, declare that (i) Par Health properly rejected the API under Section 5.5.1 of the Agreement; (ii) Apicore is obligated to reimburse Par Health in the amount of US$461,442.58 under Section 5.5.4 of the Agreement; and (iii) Par Health properly terminated the Agreement pursuant to Section 13.2.6 and, in the alternative, Section 5.6.1(iii);

(d) In the alternative to Par Health's First Counterclaim, on Par Health's Third Counterclaim, award Par Health restitution of US$461,442.58 against Apicore for unjust enrichment, plus prejudgment interest;

(e) Award Par Health its costs and disbursements in this action, including reasonable attorneys' fees to the extent permitted by law; and

(f) Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Par Health demands a trial by jury on all issues so triable.

Respectfully submitted,

**ARENTFOX SCHIFF LLP**

By: */s/ Eric Roman*
Eric Roman (ER-7928)
1301 Avenue of the Americas, Floor 42
New York, NY 10019-6040
Tel. (212) 492-3283
Fax (212) 484-3990
eric.roman@afslaw.com

*Counsel for Plaintiff/Counterclaim-Defendant PH Health Limited*

Dated: New York, New York
September 1, 2026